UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN KORVAH,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.
______________________________/

Case No. 1:26-cv-2432

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.) In an order entered on August 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by

[1] Petitioner also filed a motion to expedite consideration. (ECF No. 9.) Because this opinion resolves this matter in its entirety, Petitioner's motion (ECF No. 9) is moot.

Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on September 1, 2026 (ECF No. 6), and Petitioner filed a reply on September 8, 2026 (ECF No. 8).

## II. Factual Background

Petitioner is a native and citizen of Liberia. (Pet'r's Br., ECF No. 1, PageID.12; Notice to Appear (NTA), ECF No. 6-1, PageID.44.) On April 9, 2000, Petitioner was admitted to the United States as an "E35" lawful permanent resident. (*Id.*; 2025 Form I-213, ECF No. 6-2, PageID.51.)

On June 11, 2024, Petitioner was convicted in the United States District Court for the Western District of Pennsylvania of conspiracy to possess with intent to distribute controlled substances and two counts of armed pharmacy robbery, for which a term of imprisonment of 24 months was imposed. (NTA, ECF No. 6-1, PageID.44–47.) As a result, on April 8, 2025, the Department of Homeland Security (DHS) charged Petitioner as subject to removal under §§ 237(a)(2)(A)(ii), 237(a)(2)(A)(iii), and 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant who was convicted of the following: "an aggravated felony as defined in section 101(a)(43)(U) of the [INA]," "an aggravated felony as defined in section 101(a)(43)(B) of the [INA]," "any law or regulation of a State, the United States, or a foreign country related to a controlled substance;" "an aggravated felony as defined in section 101(a)(43)(F) of the [INA], a crime of violence . . . for which the term of imprisonment ordered is at least one year;" "an aggravated felony as defined in section 101(a)(43)(G) of the [INA], a law relating to a theft offense . . . or burglary offense for which the term of imprisonment at least 1 year was imposed;" and "two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." (*Id.*, PageID.47–48.)

On November 4, 2025, the Philadelphia Immigration Court ordered Petitioner removed to Liberia. (Removal Order, ECF No. 6-4, PageID.56.) Petitioner filed a timely appeal of that order, which remains pending. (Filing Receipt for Appeal, ECF No. 6-5, PageID.59.)

On March 6, 2026, ICE agents took custody of Petitioner upon the completion of Petitioner's criminal sentence. (Pet., ECF No. 1, PageID.2–6; *see* 2025 Form I-213, ECF No. 6-2, PageID.51.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

In this action, Petitioner argues that although his initial detention was mandatory pursuant to 8 U.S.C. § 1226(c), his continued mandatory detention for a prolonged period of time without an individualized bond hearing violates the Fifth Amendment's Due Process Clause. (Pet'r's Br., ECF No. 2, PageID.15–24.)

For the same reasons set forth in detail in *Khalil v. Lynch*, No. 1:26-cv-2426, 2026 WL 3268372 (W.D. Mich. Oct. 30, 2026), the Court concludes that a noncitizen detained under the INA's mandatory detention provisions may bring an as-applied challenge under the Due Process Clause to the noncitizen's prolonged detention. Further, because the Court concludes that a noncitizen detained under the INA's mandatory detention provisions may bring an as-applied challenge regarding the noncitizen's prolonged detention, the Court also concludes that, although a noncitizen detained under the INA's mandatory detention provisions is not initially entitled to a

bond hearing, the noncitizen's unreasonably prolonged detention under the INA's mandatory detention provisions without a bond hearing can violate the Due Process Clause.

Here, however, Petitioner has not demonstrated that he has been subjected to *unreasonably prolonged detention*. At the time that he filed his § 2241 petition, Petitioner had been detained for less than six months, which was considered a presumptively reasonable period of time by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge